■ Peelle, J.,
delivered the opinion of the court.
The claim in this case was transmitted by the Secretary of the Treasury, by letter under date of January 31,1905, at the *494 request of the Auditor of the Treasury for the War Department, under section 2 of the act of March 3, 1883 (22 Stat. L., 285), as involving a controverted question of law arising in the settlement of one item of the claim of said State.
The item or installment of the claim in controversy stated in the Auditor’s letter “ is Avhether or not, under the provisions of section 1 of the act of March 3, 1899 (30 Stat. L., 1356), a State or Territory is entitled to receive from the United States the full amount of compensation alloAved by the laAvs of that State or Territoryto officers and men of its National Guard or organized militia, for the period betAveen the date of their assembly at the rendezvous and the date they were mustered into the service of the United States, Avithout deduction of the amount such officers and men have received from the United States under the provisions of the act of May 26, 1898 (30 Stat. L., 420), as amended by the act of July 7, 1898 (30 Stat. L., 721), for their services for all or any part of the same period.”
In response to the foregoing question the court recently in the Ilovey case (ante, p. —), construing among others the several acts of Congress referred to, concluded “ to give the claimant the benefit of the doubt arising under the statutes as construed by the Comptroller (5 Comp. Dec., 381),” and that therefore no deduction should be made from the pay of the soldier, othenvise due him, by reason of the payment made to him by the United States for the period from the date of his enrollment to the date of his muster into the service of the United States, although he had previously been paid by the State for the same period, for which payment the State had been reimbursed.
That ruling Avas based on the action of the Comptroller for the reasons stated in the Ilovey ease. The ruling applies equally to the claim of a State or Territory for reimbursement for a like expense under the various acts referred to and such also appears to have been the ruling of the Comptroller in the case of the State of Wyoming (6 Comp. Dec., 896).
From what has been said it folloAvs that the difference in pay, if any, betAveen that authorized by the United States *495 and by the several States and Territories becomes immaterial, as no deduction is to be made from the amount due such State or Territory by reason of any payment made to the soldier by the United States or by any State or Territory for the period from the date of his enrollment to the date of his muster into the service of the United States.
This opinion, together with the papers transmitted to the court by the Secretary of the Treasury, will be certified by the clerk to that officer for his guidance and action.